

April 7, 2015

**Via ECF**
Hon. A. Kathleen Tomlinson, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    *Santos, et al. v. Fraser Construction, Inc., et al.*
             Case No. 14 Civ. 7386 (SJF) (AKT)

Dear Judge Tomlinson:

      We represent Plaintiffs and the putative collective action with respect to the above-referenced matter. Pursuant to 29 U.S.C. § 216(b), Plaintiffs seek an order to: (1) conditionally certify this matter as a collective action; (2) require Defendants to furnish the names and last known mailing addresses of potential class members employed by Defendants from December 18, 2008 through the present; and (3) require Defendants to post and Plaintiffs to circulate a Notice of Pendency and Consent to Join form (in English and Spanish) to all similarly situated individuals. The order sought is "only a preliminary determination," *Summa v. Hofstra Univ.*, 715 F. Supp. 2d 378, 383 (E.D.N.Y. 2010) (internal quotations omitted), thus we submit this letter motion pursuant to Your Honor's Individual Motion Practices, III(A)(i). Counsel made a good faith effort to resolve this motion without Your Honor's intervention; however, Defendants did not consent to conditional certification.

      Plaintiffs allege that Defendants failed to pay overtime wages to their employees, in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), as well as in violation of the New York Labor Law ("NYLL"). (Compl. ¶¶ 162-66, 170-74, 178-82, 186-90, 202, 209, ECF No. 1.) To serve the FLSA's "broad remedial purpose," courts conditionally certify a collective action and order a Notice of Pendency be sent to other potential "similarly situated" employees, so that they have an opportunity to opt-in to the case. *E.g.*, *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 172 (1989). This type of court-supervised notice is the best method for notifying potential stakeholders that they may have a claim. *E.g.*, *Hoffmann-La Roche*, 493 U.S. at 172; *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 260 (S.D.N.Y. 1997).

      Certification of a collective action is a two-step process. *Puglisi v. TD Bank, N.A.*, No. 13 Civ. 637, 2014 U.S. Dist. LEXIS 23935, at *7 (E.D.N.Y. Feb. 25, 2014); *Moore v. Eagle Sanitation, Inc.*, No. 11 Civ. 1185, 2011 U.S. Dist. LEXIS 77126, at *5 (E.D.N.Y July 18, 2011) (Tomlinson, Mag.). In the first step, the Court need only look to the pleadings and affidavits to determine whether the potential class members are "similarly situated" to the plaintiff, under a lenient evidentiary standard. *E.g.*, *Cohan v. Columbia Sussex Mgmt., LLC*, No. 11 Civ. 3892, 2013 U.S. Dist. LEXIS 187539, at *29 (E.D.N.Y. Sept. 19, 2013) (Tomlinson, Mag.); *Avila v.*

Hon. A. Kathleen Tomlinson, U.S.M.J.
Re: *Santos, et al. v. Fraser Construction, Inc., et al.*
April 7, 2015
Page 2 of 3

*Northport Car Wash, Inc.,* 774 F. Supp. 2d 450, 454 (E.D.N.Y. 2011) (Tomlinson, Mag.). The Court, however, does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations. *See Cohan*, 2013 U.S. Dist. LEXIS 187539, at *9, 17. If the Court finds the prospective opt-ins to be similarly situated to the plaintiffs, "it conditionally certifies the class and permits notice to be sent to putative class members." *Batres v. Valente Landscaping, Inc.*, No. 14 Civ. 1434, 2014 U.S. Dist. LEXIS 69719, at *4 (E.D.N.Y. May 21, 2014) (internal quotations omitted). At the second stage, after discovery, a court can determine whether the plaintiffs are "in-fact" similarly situated. *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010).

Currently, the Court only needs to engage in step one of the conditional certification process. Plaintiffs' burden is minimal at this stage. *See Puglisi*, 2014 U.S. Dist. LEXIS 23935, at *7; *Pineda v. Jim-Mar Consultants, Inc.*, 741 F. Supp. 2d 398, 402 (E.D.N.Y. Sept. 27, 2010) (Tomlinson, Mag.). In fact, courts in this District regularly grant motions for conditional certification "based upon employee affidavits setting forth a defendant's plan or scheme to not pay overtime compensation and identifying by name similarly situated employees." *Hanchard-James v. Brookdale Family Care Ctrs.*, No. 12 Civ. 1922, 2012 U.S. Dist. LEXIS 113118, at *4 (E.D.N.Y. Aug. 9, 2012); *see also Ritz v. Mike Rory Corp.*, No. 12 Civ. 367, 2013 U.S. Dist. LEXIS 61634, at *6 (E.D.N.Y. Apr. 29, 2013) (certifying collective based on a sole plaintiff's declarations naming other employees who worked similar hours to him and spoke with him about not being paid for all hours worked); *Guzman v. VLM, Inc.*, No. 07 Civ. 1126, 2007 U.S. Dist. LEXIS 75817, at *4 (E.D.N.Y. Oct. 11, 2007) ("It is hardly realistic, or consistent with the lenient standards of the notice phase of FLSA litigation, to expect plaintiffs to have more specific knowledge of how much their coworkers are paid than [allegations of conversations with named individuals in which those individuals claimed not to have been paid overtime].").

As Plaintiffs describe in the attached declarations, they were subjected to a policy and practice of working over 40 hours per week, without receiving proper payment of overtime wages. (Decl. of Jose D. Santos, March 16, 2015, annexed as Exhibit A ("Ex. A"), ¶¶ 6-8, 11; Decl. of Pedro Gonzalez-Cruz, March 2, 2015, annexed as Exhibit B ("Ex. B"), ¶¶ 6-8, 10; Decl. of Francisco Gonzalez, March 19, 2015, annexed as Exhibit C ("Ex. C"), ¶¶ 6-8, 11; Decl. of Juan Hernandez, March 19, 2015, annexed as Exhibit D ("Ex. D"), ¶¶ 6-8, 11.) Plaintiffs also specifically name those former coworkers whom they witnessed working more than 40 hours a week (Ex. A ¶¶ 7, 13; Ex. B ¶¶ 7, 12; Ex. C ¶¶ 7, 8, 13; Ex. D ¶¶ 7, 8, 13) and with whom Plaintiffs discussed that they too worked over 40 hours per week without receiving proper overtime pay. (Ex. A ¶¶ 14-15; Ex. B ¶¶ 13-14; Ex. C ¶¶ 14-15; Ex. D ¶¶ 14-15.) Moreover, Plaintiffs describe Defendants' policy and practice of requiring their employees to work more than 40 hours a week without the benefit of overtime pay. (Ex. A ¶¶ 13-15; Ex. B ¶¶ 12-14; Ex. C ¶¶ 13-15; Ex. D ¶¶ 13-15.) These declarations establish that Plaintiffs' former co-workers are

Hon. A. Kathleen Tomlinson, U.S.M.J.
Re: *Santos, et al. v. Fraser Construction, Inc., et al.*
April 7, 2015
Page 3 of 3

"similarly situated" to Plaintiffs because they too were "victims of a single decision, policy or plan" which deprived them of overtime wages. *Sexton v. Franklin First Fin., Ltd.*, No. 08 Civ. 4950, 2009 U.S. Dist. LEXIS 50526, at *3 (E.D.N.Y. June 6, 2009). Accordingly, conditional certification is warranted.

      A Notice of Pendency and Consent to Join form must be sent as soon as possible because the FLSA statute of limitations will continue to expire on individuals who are "similarly situated" to Plaintiffs. (*See* Proposed Notices of Pendency and Consent to Join Form, annexed as Exhibit E.) Unlike a traditional class action, filing the Complaint does not toll FLSA collective action claims. *See Hoffmann-La Roche*, 493 U.S. at 169; *Sbarro,* 982 F. Supp. 2d at 26. Rather, to assert a claim under the FLSA, each individual must affirmatively opt-in to the case. 29 U.S.C. § 216(b). The FLSA provides for a three year statute of limitations when the defendant's violations are willful. 29 U.S.C. § 255(a). Thus, courts apply the three year period at the conditional certification stage, even where willfulness is in dispute. *Ritz,* 2013 U.S. Dist. LEXIS 61634, at *7. Courts, however, authorize the issuance of notice to all employees going back six years if NYLL violations are also alleged – as they are here (Compl. ¶¶ 208-16; Ex. B ¶ 4; Ex. C ¶ 4; Ex. D ¶ 4) – "even if some recipients of the notice will have claims that are time-barred under the FLSA." *Cohan*, 2013 U.S. Dist. LEXIS 187539 at *29 (internal quotations omitted) (collecting cases); *Avila*, 774 F. Supp. 2d at 455 (internal quotations omitted). Therefore, Plaintiffs request that Defendants provide the names and addresses of all laborers who Defendants employed from December 18, 2008 to the present so the Notices of Pendency and Consent to Join Form may be forwarded to them.

      In addition, Plaintiffs request that the Notices of Pendency and Consent to Join Form be posted in a conspicuous location at Defendants' place of business, as posting is routine in this Circuit. *See Batres*, 2014 U.S. Dist. LEXIS 69719, at *5-6 ("Courts routinely approve requests to post notice . . . even where potential members will be notified by mail."); *Garcia v. Pancho Villa's of Huntington Vill., Inc.*, 678 F. Supp. 2d 89, 96 (E.D.N.Y. 2010) (collecting cases).

      Thank you for Your Honor's anticipated consideration of this matter.

      Respectfully submitted,

      */s/ Troy L. Kessler*
      Troy L. Kessler

enc.
cc:    Mitchell J. Carlinsky, Esq. (via ECF)